UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-409 (NEB/SGE)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONATHAN WEINHAGEN,
    a/k/a "James Sullivan"

    Defendant.

**GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Matthew C. Murphy, Assistant United States Attorney, hereby files the following motion for entry of a protective order governing discovery, and in support thereof states as follows:

1. The defendant in the above-referenced cases is charged by indictment with wire fraud, in violation of 18 U.S.C. § 1343, mail fraud, in violation of 18 U.S.C. § 1341, attempted bank fraud, in violation of 18 U.S.C. § 1344, and making false statements in a loan application, in violation of 18 U.S.C. § 1014. The indictment alleges the defendant diverted money from his former employer and lied about his employment and income in a loan application.

2. The discovery to be provided by the government is voluminous and includes highly sensitive information, including bank and credit card records, accounting records, and other documents and records containing personal financial information and personal identifiable information of parties and non-parties. The

unrestricted dissemination of this information could adversely affect law enforcement interests and the privacy interests of third parties.

3. Redaction of all personal and sensitive information from the discovery would be impractical and unduly burdensome, and would also be of limited value to the defense. Similarly, while the government is prepared to make discovery available to defense counsel for inspection at its offices, which would satisfy its disclosure obligations under the rules, this would be less useful to the defense and impractical for both parties.

4. Therefore, the government respectfully requests that the Court enter a Protective Order limiting the dissemination of that class of information considered "Protected Material." Specifically, Protected Material includes all information produced by the government in this case, except matters of public record, the defendant's own statements, criminal history information, and expert reports.

5. It is further requested that the Protective Order state: (a) that the Protected Material shall be held in confidentiality by defendant and defense counsel and may be used solely for purposes of this litigation; (b) that defense counsel shall limit the making of copies of the Protected Material to those necessary to his or her activities as counsel to a defendant in this action; (c) that defense counsel, defendant, and other members of the defense team, including defense experts, may have access to the Protected Materials; (d) that all individuals having access to Protected Materials, including the defendant, shall be informed of the terms of the Protective Order prior to disclosure; (e) that the use of the Protected Material covered by this

Order for any purpose other than the instant litigation shall be deemed a violation of this Order subjecting the defendant and his or her counsel to sanctions; (f) that any filings with the Court that contain Protected Material shall first be redacted pursuant to Fed. R. Crim. P. 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures; and (g) that any documents or other materials containing Protected Material, and all copies of them, must be destroyed or returned to the government within 60 days of the conclusion of this litigation, including appeals.

6. The government conferred with counsel for the defendant, who indicated the defendant does not oppose this motion.

WHEREFORE, the government respectfully moves this Court to enter the proposed protective order.

Dated: October 30, 2025,	Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

 /s/ *Matthew C. Murphy*
BY:	MATTHEW C. MURPHY
Assistant United States Attorney