# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-cr-409 (NEB/SGE) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| JONATHAN WEINHAGEN, a/k/a "James Sullivan", | |
| Defendant. | |

Upon the unopposed motion of the government (Dkt. 13), pursuant to Fed. R. Crim. P. 16(d), and for good cause shown, it is hereby **ORDERED**:

This Court has ordered the United States to make all disclosures required by Rule 16 of the Federal Rules of Criminal Procedure. In this case, those disclosures include highly sensitive information, including bank and credit card records, accounting records, and other documents and records containing personal financial information and personal identifiable information of parties and non-parties. The United States has shown good cause why the dissemination of the Protected Material should be limited.

**THEREFORE**, it is hereby **ORDERED** pursuant to Rule 16(d)(1) of the FederalRules of Criminal Procedure, that "Protected Material" as defined below shall be heldin strict confidentiality and used only in connection with the defense of the charges in this case, and for no other purpose. The Court further **ORDERS** as follows:

1. "Protected Material" includes all information produced by the government in this case, except matters of public record, the defendant's own statements, criminal history information, and expert reports.

2. Protected Material shall be held in strict confidentiality by defendant and defense counsel and may be used solely for purposes of this litigation.

3. Defense counsel shall limit the making of copies of the Protected Material to those necessary to their activities as counsel to a defendant in this action.

4. All individuals having access to Protected Materials, including the defendant and any expert witnesses retained by the defendant, shall be informed of the terms of the Protective Order prior to disclosure.

5. Use of the Protected Material covered by this Protective Order for any purpose other than the instant litigation shall be deemed a violation of this Order subjecting the defendant and his counsel to sanctions.

6. Any filings with the Court that contain Protected Material shall first be redacted pursuant to Fed. R. Crim. P. 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures.

7. Any documents or other materials containing Protected Material, and all copies of them, must be destroyed or returned to the Government within sixty (60) days of the conclusion of this litigation, including appeals.

8.      Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Dated: November 3, 2025        *s/Shannon G. Elkins*
                                      SHANNON G. ELKINS
                                      United States Magistrate Judge