**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONATHAN WEINHAGEN,
a/k/a "James Sullivan"

Defendant.

Case No. 25-cr-409 (NEB/SGE)

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, through Daniel N. Rosen, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for: (1) a Preliminary Order of Forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2; (2) a money judgment forfeiture in the amount of $203,201; (3) a General Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2)(C); and (4) an order authorizing discovery to locate additional assets subject to forfeiture.

## BACKGROUND

On October 22, 2025, a Grand Jury in the District of Minnesota returned a Indictment against Defendant Jonathan Weinhagen. ECF No. 1. The Forfeiture Allegations of the Indictment provided notice that the United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) of any property, real or personal, constituting or derived from proceeds traceable to the commission the mail fraud scheme charged in the Indictment. *Id.*

On December 1, 2025, the United States and the Defendant entered into a Plea Agreement through which he agreed to plead guilty to Count 3 of the Indictment, which charges him with mail fraud in violation of 18 U.S.C. § 1343. ECF No. 20, ¶ 1. The Defendant admitted from between December 2019 and May 2023, he engaged in a number of schemes through which he, in his position as president of the Minneapolis Regional Chamber of Commerce, falsely directed funds to his address or sham companies which reimbursed him, solicited donations which were directed to bank accounts he falsely claimed belonged to the Chamber of Commerce, used the Chamber of Commerce credit cards for personal expenses and vacations, and secured lines of credits for himself using Chamber of Commerce assets. He further falsely represented his income to acquire a loan. *Id.* at ¶ 3. Weinhagen consented to a money judgment forfeiture of $203,201 and agreed that the profits he acquired as a result of the fraud scheme equal or exceed this amount. *Id.* ¶ 14

## ARGUMENT

### I. A PRELIMINARY ORDER OF FORFEITURE SHOULD BE ENTERED.

#### A. Legal Standard

The United States seeks a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Rule 32.2(b) provides:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

(A) Forfeiture Determinations. As soon as practical . . . after a

> plea of guilty . . . the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.. . .
>
> (B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>
> (2) Preliminary Order.
>
> (A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property.. . .

Criminal forfeiture is a part of sentencing; it is not a substantive element of the offense. *Libretti v. United States*, 516 U.S. 29, 38-39 (1995). As such, the preponderance of the evidence standard of proof applies. *United States v. Huber*, 462 F.3d 945, 949 (8th Cir. 2006); *see also, e.g., United States v. Peithman,* 917 F.3d 635, 651 (8th Cir. 2019).

Because the governing statutes include compulsory terms, forfeiture is mandatory. *United States v. Williams,* 720 F.3d 674, 702 (8th Cir. 2013) (differentiating "shall" from "may" in forfeiture statutes). The plain language of 28 U.S.C. § 2461(c) mandates forfeiture when a defendant is convicted of an offense giving rise to forfeiture. *Id.* ("If the defendant is convicted of the offense giving rise to the forfeiture,

the court shall order the forfeiture of the property as part of the sentence in the criminal case. . .") (emphasis added); *see also United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ("The word 'shall' does not convey discretion").

"Forfeiture is mandatory even when restitution is also imposed." *Id.*; *see also United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) (defendant is "not entitled to a credit for the amount that he had repaid toward the fraudulently obtained loan."); *United States v. Adetiloye*, 716 F.3d 1030, 1041 (8th Cir. 2013) ("Restitution is loss based, while forfeiture is gain based.") (citations omitted.) Although forfeiture and restitution are separate aspects of a criminal sentence, forfeited assets are often used to compensate criminal victims through the remissions process authorized by 28 C.F.R. Part 9.

### B. Forfeiture is Authorized for All Proceeds of a Conspiracy to Commit Wire Fraud.

The Defendant has pleaded guilty to Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 371. As a consequence, the United States is entitled to a personal money judgment forfeiture against him pursuant to 18 U.S.C. § 981(a)(1)(C), which mandates forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."[1]

[1] Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in section 1961(1). The offenses listed in section 1961(1) include wire fraud. Although 18 U.S.C. § 981(a)(1)(C) is a civil

Proceeds of a wire fraud scheme may include all gross receipts of the scheme. *See, e.g., United States v. Simmons,* 154 F.3d 765, 770-772 (8th Cir. 1998) (interpreting similar forfeiture authority for RICO violation, holding, "the better view is the one that defines proceeds as the gross receipts of the illegal activities); *United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005) (defendant was not entitled to offset expenses, "even if the expenses were legitimately incurred by Huber, they would not reduce the amount subject to forfeiture"); *United States v. Hively,* 437 F.3d 752, 763 (8th Cir. 2006) (same); *United States v. Asomani,* 7 F.4th 749, 754 (8th Cir. 2021) (definition of "proceeds" applicable to wire fraud scheme is not limited to defendant's net gain or profit).

## II. A MONEY JUDGMENT FORFEITURE OF $203,201 SHOULD BE ENTERED.

### A. Personal Money Judgments Forfeitures are Authorized in Criminal Actions.

Entry of a personal money judgment forfeiture is specifically authorized by Fed. R. Civ. P. 32.2(b)(1), and such orders have been repeatedly upheld. *See, e.g., United States v. Johnson*, 956 F.3d 510, 518 n.5 (8th Cir. 2020) (affirming $2.1 million money judgment forfeiture, with defendant receiving credit against that total for the value of forfeited assets); *Peithman*, 917 F.3d at 652 (affirming money judgment forfeiture

---

forfeiture provision, 28 U.S.C. 2461(c) authorizes the government to seek criminal forfeiture when a defendant is convicted of an offense for which civil forfeiture is authorized, as it has done here. ECF No. 1, Forfeiture Allegations. *See, e.g.*, *United States v. Jennings*, 487 F.3d 564, 583-584 (8th Cir. 2007) (affirming money judgment forfeiture based on mail fraud conviction pursuant to 18 U.S.C. 981(a)(1)(C) and 28 U.S.C. § 2461(c)); *Adetiloye*, 716 F.3d at 1041.

imposed under 18 U.S.C. § 981(a)(1)(C), while remanding for a redetermination of the amount of the money judgment issued under 21 U.S.C. § 853), cert. denied, 140 S. Ct. 340 (2019); *United States v. Gregoire,* 638 F.3d 962, 971-72 (8th Cir. 2011) (money judgment forfeiture permitted based on mail fraud conviction; no jury determination required for amount of money judgment forfeiture); *Jennings*, 487 F.3d at 586 (affirming money judgment for amount of proceeds defendant derived from "honest services" mail fraud scheme).

### B. The United States is Entitled to a $203,201 Money Judgment Forfeiture Against Weinhagen Pursuant to 18 U.S.C. § 981(a)(1)(C).

As is set forth above, Weinhagen has admitted through his plea agreement that he acquired at least $203,201 in proceeds as a result of the fraudulent schemes alleged in count 3 of the Indictment. Weinhagen consented to a money judgment forfeiture of $203,201. ECF No. 20 ¶ 15. The Defendant would receive a credit against the money judgment forfeiture for the net value of each asset that is forfeited from him in connection with this case. *See Johnson,* 956 F.3d at 518 n.5.

## III. A GENERAL ORDER OF FORFEITURE SHOULD BE ENTERED AGAINST WEINHAGEN.

The United States also requests that a general order of forfeiture be entered against Weinhagen pursuant to Fed. R. Crim. P. 32.2(b)(2)(C). A general order of forfeiture, which is expressly authorized by the Federal Rules of Criminal Procedure, allows the government to seek the forfeiture of directly forfeitable property identified after the date of sentencing:

> **(C) General Order.** If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the amount of the money judgment, the court may enter a forfeiture order that:
>
> (i) lists any identified property;
>
> (ii) describes other property in general terms;
>
> (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

Fed. R. Crim. P. 32.2(b)(2)(C).

The government requests that the preliminary order of forfeiture include a general order of forfeiture as provided for in Fed. R. Crim. P. 32.2(b)(2)(C). Entry of a general order of forfeiture will allow the government to pursue directly forfeitable assets if any are identified after sentencing. Preserving the government's right to seek the direct forfeiture of assets based on evidence that such assets are traceable to the Defendant's fraud conspiracy would allow the government to clear title to such assets and seek to recover proceeds that have been transferred to third parties. *See* 21 U.S.C. § 853(c) (codifying the relation-back doctrine). A general order of forfeiture will provide an important tool in addition to the money judgment forfeiture requested above.

## IV. THE GOVERNMENT IS ENTITLED TO DISCOVERY TO LOCATE ASSETS SUBJECT TO FORFEITURE.

The United States also requests entry of an order pursuant to Fed. R. Crim. P. 32.2(b)(3) authorizing it to conduct discovery for the purpose of identifying and locating additional assets subject to forfeiture constituting or derived from proceeds

Weinhagen obtained directly or indirectly from the conspiracy, or assets of Weinhagen that may be substituted up to the value of the money judgment forfeiture. Rule 32.2(b)(3) authorizes the government, upon the entry of a preliminary order of forfeiture, to "conduct any discovery the court considers proper in identifying, locating, or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m); *United States v. Saccoccia*, 898 F. Supp. 53 (D.R.I. 1995) (government can take depositions for the purpose of locating assets controlled by the defendant that are subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes but is not limited to the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

The United States also requests that the Court retain jurisdiction over this action pursuant to Rule 32.2(e) to forfeit any subsequently discovered directly forfeitable or substitute property, and to dispose of any third-party claims to such assets.

## III. CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture:

1. issuing a money judgment forfeiture in the amount of $203,201 against Defendant Jonathan Weinhagen pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2;

2. forfeiting from Defendant Jonathan Weinhagen, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to Count 3 of the Indictment; and

3. allowing the United States to take discovery to identify additional assets potentially subject to forfeiture.

Respectfully submitted,

Dated: 10/9/2026

DANIEL N. ROSEN
United States Attorney

*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600
craig.baune@usdoj.gov